JUDGE MORAN

**F I L E D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 4 2007

MICHAEL W. DOBBINS
**CLERK, U.S. DISTRICT COURT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 723    MAGISTRATE JUDGE KEYS |
| | ) | |
| | ) | Violations: Title 18, United States |
| JAMAL DANIELS and | ) | Code, Sections 2, 1029(a)(1), 1029(b)(1), |
| TENEKA BROWN | ) | and 1029(b)(2). |
| | ) | |

### COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1. From in or about March 2007 through in or about November 2007, at Bolingbrook, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMAL DANIELS and
TENEKA BROWN,

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury to commit offenses against the United States, namely to:

(a) knowingly and with intent to defraud use one or more unauthorized and counterfeit access devices, namely credit and debit cards that had been encoded with other individuals' access device information, thereby affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(1);

(b) knowingly and with intent to defraud use one or more unauthorized access devices, namely credit and debit cards that had been encoded with other individuals' access device information, during any one-year period, and by such conduct obtain things of value aggregating $1,000 or more during that period, thereby affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2); and

(c) knowingly and with intent to defraud possess fifteen or more unauthorized orcounterfeit access devices, namely credit and debit cards that had been encoded with other individuals' access device information, thereby affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

3. It was part of the conspiracy that defendants DANIELS and BROWN used credit cards and debit cards whose magnetic strips had been encoded with the credit card and debit card account information of other individuals to make unauthorized purchases of goods and services from retail stores and gas stations for their personal benefit and without the permission or authorization of the individuals whose credit card and debit card information was used.

4. It was further part of the conspiracy that the fraudulently encoded credit cards and debit cards used by defendants DANIELS and BROWN bore the names of fictitious persons, including, but not limited to, "Marcus Smith," "Darrell Rice," "Derrick Parker," and "Sabrina Northam."

5. It was further part of the conspiracy that defendants DANIELS and BROWN obtained and used counterfeit identification documents, including driver's licenses and social security cards, matching various of the fictitious names on the fraudulently encoded credit cards and debit cards used by DANIELS.

6. It was further part of the conspiracy that defendants DANIELS and BROWN used gift cards that they purchased with fraudulently encoded credit cards and debit cards to make unauthorized purchases of goods and services from retail stores.

7. It was further part of the conspiracy that defendants DANIELS and BROWN did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden the purposes

of and acts done in furtherance of the conspiracy.

## OVERT ACTS

8. To effect the objects of the conspiracy, defendants JAMAL DANIELS and TENEKA BROWN did commit the following overt acts, among others, in the Northern District of Illinois, Eastern Division, and elsewhere:

(a) On or about August 10, 2007, defendants DANIELS and BROWN used a credit card which had been encoded with the Visa credit card account information of Individual A to purchase $1,860.44 in goods from Home Depot store #1939 in Bolingbrook, Illinois, without the permission or authorization of Individual A.

(b) On or about August 24, 2007, defendants DANIELS and BROWN used a credit card which had been encoded with the Visa credit card account information of Individual B to purchase $1,184.56 in goods from Home Depot store #1909 in Calumet City, Illinois, without the permission or authorization of Individual B.

(c) On or about September 9, 2007, defendant DANIELS used a credit card which had been encoded with the Visa credit card account information of Individual B to purchase three $300 Wal-Mart gift cards from a Wal-Mart store in Joliet, Illinois, without the permission or authorization of Individual B.

(d) On or about September 10, 2007, defendant DANIELS used a credit card which had been encoded with the Visa credit card account information of Individual C to purchase $232.18 in goods from Home Depot store #1921 in Geneva, Illinois, without the permission or authorization of Individual C.

(e) On or about October 5, 2007, defendant BROWN and Associate A used a credit

card which had been encoded with the Visa credit card account information of Individual D to purchase $148.98 in goods from Home Depot store #1932 in Matteson, Illinois, without the permission or authorization of Individual D.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 9, 2007, at Frankfort, in the Northern District of Illinois, Eastern Division,

> JAMAL DANIELS and
> TENEKA BROWN,

defendants herein, knowingly and with intent to defraud, attempted to use one or more unauthorized and counterfeit access devices, namely, one or more credit or debit cards that had been fraudulently and without authority encoded with other individuals' access device information, at Home Depot store #6919, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Sections 1029(a)(1), 1029(b)(1), and 2.

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about October 2, 2007, at Oswego, in the Northern District of Illinois, Eastern Division,

JAMAL DANIELS,

defendant herein, knowingly and with intent to defraud, attempted to use one or more unauthorized and counterfeit access devices, namely, approximately twelve counterfeit and unauthorized access devices, at a Wal-Mart store located at 2300 Route 34, Oswego, Illinois, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Sections 1029(a)(1) and 1029(b)(1).

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about August 23, 2007, at Calumet City, in the Northern District of Illinois, Eastern Division,

## TENEKA BROWN,

defendant herein, knowingly and with intent to defraud, used one or more unauthorized and counterfeit access devices, namely, one or more credit or debit cards that had been re-encoded with other individuals' access device information, at Home Depot store #1909, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Section 1029(a)(1).

## COUNT FIVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 10, 2007, at Aurora, in the Northern District of Illinois, Eastern Division,

JAMAL DANIELS,

defendant herein, knowingly and with intent to defraud, attempted to use one or more unauthorized and counterfeit access devices, namely, one or more credit or debit cards that had been re-encoded with other individuals' access device information, at Home Depot store #1957, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Sections 1029(a)(1) and 1029(b)(1).

## COUNT SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 25, 2007, at Matteson, in the Northern District of Illinois, Eastern Division,

TENEKA BROWN,

defendant herein, knowingly and with intent to defraud, used one or more unauthorized and counterfeit access devices, namely, one or more credit or debit cards that had been re-encoded with other individuals' access device information, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Section 1029(a)(1).

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations contained in Counts One through Six of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

2. As a result of the violations of Title 18, United States Code, Section 1029, as alleged in the foregoing Counts One through Six,

JAMAL DANIELS and<br>TENEKA BROWN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982: (1) any and all right, title, and interest defendants may have in any property, real and personal, which constitutes and is derived from, proceeds obtained directly or indirectly from fraud and related activity in connection with access devices, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982; and (2) any and all right, title, and interest defendants may have in any property, real or personal, used or intended to be used to commit, to facilitate, or to promote the commission of the offenses alleged in Counts One through Six of this indictment, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 1029(c)(1) and (2).

3. The interests of defendants JAMAL DANIELS and TENEKA BROWN, jointly and severally, subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 982 and 1029(c)(1), include, but are not limited to:

    a. all property that was used to further the fraud and related activity in connection with access devices;

  b.  all money and other property that was the subject of each transaction; and

  c.  all money and other property that constituted or was derived from the proceeds of each transaction, and was obtained directly or indirectly, as a result of these violations, namely, money and property having a value of in excess of approximately $170,000.

4. If any of the forfeitable property described above, as a result of any act or omission by the defendants JAMAL DANIELS and TENEKA BROWN,

  a.  Cannot be located upon the exercise of due diligence;

  b.  Has been transferred or sold to, or deposited with, a third party;

  c.  Has been placed beyond the jurisdiction of the Court;

  d.  Has been substantially diminished in value; or

  e.  Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1) and (2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY