MHN

**FILED**

MAY 1 - 2008

Judge James B. Moran
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 723 |
| vs. | ) | Judge James B. Moran |
| | ) | |
| JAMAL DANIELS | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant JAMAL DANIELS, and his attorney, DANIEL J. HESLER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with conspiring to commit access device fraud (Count 1) and attempting to commit access device fraud (Counts 2, 3, and 5).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Three of the indictment. Count One charges defendant with conspiring to commit access device fraud, in violation of Title 18, United States Code, Section

1029(b)(2). Count Three charges defendant with attempting to commit access device fraud, in violation of Title 18, United States Code, Section 1029(a)(1) and 1029(b)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Count One and Count Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

    a. With respect to Count One of the indictment, defendant acknowledges that:

(1) From in or about March 2007 through in or about November 2007, at Bolingbrook, in the Northern District of Illinois, Eastern Division, and elsewhere, JAMAL DANIELS, defendant herein, did conspire with Temeka Brown and with others known and unknown to commit offenses against the United States, namely to:

(A) knowingly and with intent to defraud use one or more unauthorized and counterfeit access devices, namely credit and debit cards that had been encoded with other individuals' access device information, thereby affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(1);

(B) knowingly and with intent to defraud use one or more unauthorized access devices, namely credit and debit cards that had been encoded with other

individuals' access device information, during any one-year period, and by such conduct obtain things of value aggregating $1,000 or more during that period, thereby affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2); and

    (C)    knowingly and with intent to defraud possess fifteen or more unauthorized or counterfeit access devices, namely credit and debit cards that had been encoded with other individuals' access device information, thereby affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

All in violation of Title 18, United States Code, Section 1029(b)(2).

    (2)    More specifically, beginning in or about March 2007, Brown and defendant DANIELS agreed to use credit cards and debit cards whose magnetic strips had been encoded with the actual credit card and debit card account information of other individuals to make unauthorized purchases of goods and services from retail stores and gas stations for their personal benefit and without the permission or authorization of the individuals whose credit card and debit card information was used. For example:

    (A)    On or about August 10, 2007, defendant DANIELS and Brown used a credit card which had been encoded with the Visa credit card account information of Individual A to purchase $1,860.44 in goods from Home Depot store #1939 in Bolingbrook, Illinois, without the permission or authorization of Individual A.

    (B)    On or about August 24, 2007, defendant DANIELS and Brown used a credit card which had been encoded with the Visa credit card account information of

Individual B to purchase $1,184.56 in goods from Home Depot store #1909 in Calumet City, Illinois, without the permission or authorization of Individual B.

    (C) On or about September 9, 2007, defendant DANIELS used a credit card which had been encoded with the Visa credit card account information of Individual B to purchase three $300 Wal-Mart gift cards from a Wal-Mart store in Joliet, Illinois, without the permission or authorization of Individual B.

    (D) On or about September 10, 2007, defendant DANIELS used a credit card which had been encoded with the Visa credit card account information of Individual C to purchase $232.18 in goods from Home Depot store #1921 in Geneva, Illinois, without the permission or authorization of Individual C.

   (3) The fraudulently encoded credit cards and debit cards used by defendant DANIELS and Brown bore the names of fictitious persons, including, but not limited to, "Marcus Smith," "Darrell Rice," "Derrick Parker," and "Sabrina Northam." Brown and defendant DANIELS obtained and used counterfeit identification documents, including driver's licenses and social security cards, matching various of the fictitious names on the fraudulently encoded credit cards and debit cards used by DANIELS. Brown and defendant DANIELS used gift cards that they purchased with fraudulently encoded credit cards and debit cards to make unauthorized purchases of goods and services from retail stores.

(4) The fraudulent activity undertaken by Brown and defendant DANIELS resulted in losses that were reasonably foreseeable to DANIELS totaling between $120,000 and $200,000.

b. With respect to Count Three of the indictment, defendant acknowledges that:

(1) On or about October 2, 2007, at Oswego, in the Northern District of Illinois, Eastern Division, JAMAL DANIELS, defendant herein, knowingly and with intent to defraud, attempted to use one or more unauthorized and counterfeit access devices, namely, approximately twelve counterfeit and unauthorized access devices, at a Wal-Mart store located at 2300 Route 34, Oswego, Illinois, thereby affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(1) and 1029(b)(1).

(2) More specifically, on or about October 2, 2007, the defendant entered the Wal-Mart store located at 2300 Route 34, Oswego, Illinois and attempted to purchase two 42" LCD televisions using a counterfeit and unauthorized credit card. That card was declined, and the defendant presented another counterfeit and unauthorized credit card for payment. That card was also declined, and the defendant repeatedly gave counterfeit and unauthorized credit cards to the cashier, all of which were declined.

(3) In total, the defendant gave the cashier twelve different counterfeit and unauthorized credit cards, bearing the names "Darrell Rice" and "Marcus Smith," aliases used by the defendant for other purchases. The defendant knew that the credit cards were counterfeit when he attempted to use them to purchase the televisions.

(4)　Defendant acknowledges that the attempted purchase would have affected interstate commerce because, among other things, the attempted fraud would have depleted the assets of banks that had operations in other states and because Wal-Mart and Home Depot are retail establishments that operate in other states.

## Maximum Statutory Penalties

7.　Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

　　a.　With respect to Count One, a maximum sentence of 5 years' imprisonment.

　　b.　With respect to Count Three, a maximum sentence of 10 years' imprisonment.

　　c.　These offenses also carry a maximum fine of $250,000, or twice the gross gain or gross loss resulting from these offenses, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

　　d.　Defendant further understands that the Court must order restitution to the victims of these offenses in an amount determined by the Court.

　　e.　In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

f.  Thus the total maximum sentence defendant can receive is 15 years' imprisonment, a maximum fine of $500,000, or twice the gross gain or gross loss resulting from these offenses, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years. Defendant will also be assessed $200 for the two charges to which he has pled guilty.

## Sentencing Guidelines Calculations

8.  Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.  For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.  **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.  **Offense Level Calculations.**

i.  The charges in Count One and Count Three shall be grouped together into a single Group, pursuant to Guideline §3D1.2(d), because the offense level is determined largely on the basis of the total harm or loss.

      ii.      The base offense level for the charges in Count One and Count Three of the indictment is 6, pursuant to Guideline §2B1.1(a)(2);

      iii.      Pursuant to Guideline §2B1.1(b)(1)(F), the offense level must be increased by 10 levels because the loss amount resulting from the offenses of conviction that was foreseeable to defendant was more than $120,000 but less than $200,000;

      iv.      Pursuant to Guideline §2B1.1(b)(2)(A), the offense level must be increased by 2 levels because there were ten or more victims;

      v.      Pursuant to Guideline §2B1.1(b)(10), the offense level must be increased by 2 levels because the offense involved the possession or use of device-making equipment and the production and trafficking of unauthorized or counterfeit access devices;

      vi.      Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      vii.      In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources

efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 3 and defendant's criminal history category is II:

    i. On or about October 1, 2007, in the Circuit Court of Cook County, defendant was convicted of two counts of Theft of Greater Than $300 and Less Than $10,000, for which he was sentenced to 27 months' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this conviction.

  d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 17, which, when combined with the anticipated criminal history category of II, results in an anticipated advisory Sentencing Guidelines range of 27 to 33 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

  e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts

or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

  f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Regarding restitution, the parties acknowledge that pursuant to Title 18, United States Code, § 3663A, the court must order defendant, together with any jointly liable co-defendants, to make full restitution to MBNA/Bank of America, JPMorgan Chase, Citibank, First National Bank of Omaha, Discover, Citizens Equity First Credit Union, First Tennessee Bank, First Citizen's Bank, Navy Federal Credit Union, First Financial Bank, Household Bank, Advanta Bank, American Trust & Savings, Armstrong Bank, First Reserve Credit Union, Card Services for Credit Unions, Amcore Bank, Fifth Third Bank, Columbus Bank, and Wells Fargo Bank in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

13. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Forfeiture

14. The indictment charges that defendant is liable to the United States for approximately $170,000, which funds are subject to forfeiture because those funds constituted or were derived from the proceeds of fraudulent transactions, and were obtained directly or indirectly, as a result of the violations alleged in Count Three and relevant conduct. By entry of a guilty plea to Count Three of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

15. Defendant agrees to the entry of a forfeiture judgment in the amount of $170,000, and against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described funds and further agrees to the seizure of these funds so that these funds may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

16. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## Presentence Investigation Report/Post-Sentence Supervision

17. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall

fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

19. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to

the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

20. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 723.

21. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

22. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i.        The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.        If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.        If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.        If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

  v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

  vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

  vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

  c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

23. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

24. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in

accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 5/1/08

PATRICK J. FITZGERALD
United States Attorney

JAMAL DANIELS
Defendant

RENATO MARIOTTI
Assistant U.S. Attorney

DANIEL J. HESLER
Attorney for Defendant