IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 723-1 |
| v. | ) | |
| | ) | Judge James B. Moran |
| JAMAL DANIELS | ) | |

NOTICE OF FILING

To:   Mr. Renato Mariotti                Ms. Sandra Denicholas
      Assistant United States Attorney   United States Probation Officer
      219 S. Dearborn Street             55 E. Monroe, Suite 1500
      Chicago, IL  60604                 Chicago, IL  60603

        Please take notice that on this 4th day of August, 2008, the undersigned filed the following document(s) in the above captioned cause, a copy of which is attached hereto:

–      DEFENDANT DANIEL'S OBJECTION TO THE PSR AND MOTION FOR
       DOWNWARD DEPARTURE

                            Respectfully submitted,

                            FEDERAL DEFENDER PROGRAM
                            Terence F. MacCarthy
                            Executive Director

                            By:   s/Daniel J. Hesler_____
                                   Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-8347

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 723-1 |
| v. | ) | |
| | ) | Judge James B. Moran |
| JAMAL DANIELS | ) | |

DEFENDANT DANIELS' OBJECTION TO THE PSR
AND MOTION FOR DOWNWARD DEPARTURE

Defendant JAMAL DANIELS, by the Federal Defender Program and its attorney,

DANIEL HESLER, respectfully submits the following objection to the PSR. The PSR

concludes that the loss amount is in excess of $200,000. It is Mr. Daniels's position,

consistent with U.S.S.G. §1B1.3(a) and the position agreed upon by the defendant and the

government in the plea agreement, that the amount of loss that was foreseeable to him in

connection with this offense is less than $200,000. As such, the offense level computed

in the PSR should be reduced by two levels. Defendant further states as follows:

I.      **Factual and procedural background**

As outlined in detail in the plea agreement, Jamal Daniels participated in a

conspiracy to fraudulently use credit cards. He did exactly as he has admitted to. On

multiple occasions, he went into stores and used credit cards and ID's that were not his

own to make purchases.

2

As is true in all conspiracies, Mr. Daniels was not the only participant.  His cousin and codefendant was also active in the scheme.[1]  While they sometimes traveled together, there were many occasions where they didn't.  The store video tapes that form much of the discovery show that usually one or the other of Mr. Daniels or his codefendant went into stores to use the fraudulent cards.  When Temeka Brown took actions that Jamal Daniels was not involved in, sometimes Mr. Daniels was aware of what she was doing, and sometimes he was not.  Neither the indictment nor the PSR contains any suggestion that the proceeds of these crimes were "pooled."

The plea agreement forthrightly took this loose arrangement into account both in terms of providing a factual basis for the plea and calculating the guidelines.  The plea agreement states that

> The fraudulent activity undertaken by Brown and defendant DANIELS resulted in losses that were reasonably foreseeable to DANIELS totaling between $120,000 and $200,000.

Plea agreement at page 5, paragraph 6(a)(4).

---

[1]Mr. Daniels is aware that his cousin has not yet pled guilty to these charges, while Mr. Daniels recognized very quickly that he wanted to accept responsibility for his actions.  While it could be pointed out that Temeka Brown is older than Jamal Daniels, and has a far more extensive criminal record than Mr. Daniels has, it is not Mr. Daniels' intention to place any undue responsibility on Ms. Brown or to make any decisions for her.  Mr. Daniels does not have any cooperation agreement with the government.  If Ms. Brown does not plead guilty and a trial occurs, Mr. Daniels will simply tell the truth if subpoenaed by either side.  Mr. Daniels does not wish to alienate his relatives by seeming to take sides in Ms. Brown's case.

After the change of plea, the government forthrightly provided to the probation office a detailed accounting of what they knew about this case. A primary document provided was a Secret Service spreadsheet that broke down the various activity by date, account number, and who (if anyone) was visible on video surveillance.[2] At the end of the document, the spreadsheet concludes that Temeka Brown is accountable for $169,576.33 in losses, while Jamal Daniels is accountable for $136,671.02 in losses. The sum total of the losses is $220,449.73.

Despite this careful analysis, the PSR has concluded that Mr. Daniels should be held accountable for the entire $220,449.73 in loss for guidelines purposes.

## II.    Discussion.

Mr. Daniels' objection to the PSR is a simple one. The PSR assumes that all harm that was caused by either Jamal Daniels or Temeka Brown is necessarily "loss" with respect to each of them. With respect to this sort of crime, this assumption is not necessarily correct. This is correctly charged as a conspiracy, in that Daniels and Brown agreed to work together, and in fact did so. However, that does not necessarily mean that every criminal action taken by each of them during the relevant time period was both foreseeable to the other and taken "in furtherance of the jointly undertaken criminal activity." Under §1B1.3(a)(1)(B), both of those conditions must be satisfied in order to hold Mr. Daniels accountable for the acts of others that he was not directly involved in.

---

[2]The spreadsheet is attached to the PSR. Because it contains credit card numbers, it is not attached here.

The obvious parallel context is found in drug cases. Often, a drug conspiracy will be charged that includes a common supplier and multiple lower level distributors who know each other. Under these circumstances, courts invariably conduct hearings to determine what amount of drugs are properly foreseeable to each individual defendant (below the central supplier). Although all defendants are found guilty of participating in a common conspiracy, that does not necessarily mean that they have identical relevant conduct.

The guidelines explain this in note 2 to §1B1.3. Note 2 begins by stating that

> *In the case of a jointly undertaken criminal activity, subsection (a)(1)(B) provides that a defendant is accountable for the conduct (acts and omissions) of others that was both:*
> > *(i) in furtherance of the jointly undertaken criminal activity; and*
> > *(ii) reasonably foreseeable in connection with that criminal activity.*
> *Because a count may be worded broadly and include the conduct of many participants over a period of time, the scope of the criminal activity jointly undertaken by the defendant (the "jointly undertaken criminal activity") is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant. In order to determine the defendant's accountability for the conduct of others under subsection (a)(1)(B), the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake (i.e., the scope of the specific conduct and objectives embraced by the defendant's agreement). The conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision. The conduct of others that was not in furtherance of the criminal activity jointly undertaken by the defendant, or was not reasonably foreseeable in connection with that criminal activity, is not relevant conduct under this provision.*

Note 2 continues to with examples to illustrate this principle, including example (6), which states

> *Defendant P is a street-level drug dealer who knows of other street-level drug dealers in the same geographic area who sell the same type of drug as he sells. Defendant P and the other dealers share a common source of supply, but otherwise operate independently.*

5

*Defendant P is not accountable for the quantities of drugs sold by the other street-level drug dealers because he is not engaged in a jointly undertaken criminal activity with them. ...*

In Mr. Daniels' case, the Secret Service and the U.S. Attorney's office did exactly the kind of analysis required by §1B1.3. They looked at the evidence, and they came to conclusions from the evidence that had about which transactions on which days were accountable to Mr. Daniels, Ms. Brown, or both. (It should be noted that the sum of the amounts that Daniels and Brown are accountable for is much greater than the total amount of loss. The difference is explained by the amounts that they are held jointly accountable for.)

The careful and painstaking analysis that was done by the Secret Service and the U.S. Attorney's Office in this case should not be disregarded. From the evidence recovered, a loss amount in excess of $200,000 should not be attributed to Mr. Daniels.

**Conclusion**

For all the foregoing reasons, it is respectfully requested that this Court impose a sentence in accordance with the plea agreement that includes a 10 level, and not a 12 level, increase for the amount of loss. At the time of sentencing, it will be further requested that the Court impose a sentence that comports with the dictates of 18 U.S.C. §3553.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director


By:   s/Daniel J. Hesler
        Daniel J. Hesler


DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois  60603
(312) 621-8300

## CERTIFICATE OF SERVICE

       The undersigned, Daniel J. Hesler , an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT DANIEL'S OBJECTION TO THE PSR AND
MOTION FOR DOWNWARD DEPARTURE

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on August 4 , 2008, to counsel/parties that are non-ECF filers:

Sandra Denicholas
United States Probation
55 E. Monroe St., 15th Floor
Chicago, Illinois 60603


By:     s/Daniel J. Hesler
        DANIEL J. HESLER
        FEDERAL DEFENDER PROGRAM
        55 E. Monroe St., Suite 2800
        Chicago, Illinois 60603
        (312) 621-8347